IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jimmy Duncan, ) | |
| ) | Civil Action No. 8:07-268-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Lieutenant Jack Langestein, ) | |
| Corporal Travis Guess, NFN ) | |
| Wade, Officer Fincher, Officer ) | |
| Henly, Sgt. Franklin Jones, ) | |
| and Nurse NFN Moore, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motions to dismiss and to strike (Docket Entry # 16) and the plaintiff's motions for injunctive relief (Docket Entry # 14), to stay proceedings and compel discovery (Docket Entry # 22), for a temporary restraining order (Docket Entry # 27), and for a preliminary injunction (Docket Entry # 30).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on January 29, 2007, seeking damages for alleged civil rights violations. On April 23, 2007, the defendants filed a motion to dismiss. On April 24, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 21, 2007, the plaintiff filed a response opposing the defendants' motion.

## FACTS PRESENTED

The plaintiff is a state inmate within the South Carolina Department of Corrections ("SCDC") currently housed at the Lieber Correctional Institution ("LCI"). The plaintiff alleges that at 5:30 a.m. on July 1, 2006, when Officer Fincher handed him a breakfast tray, he refused it because it was not a vegetarian tray. (Compl. at 4.) He alleges Officer Fincher told him to "quit bitching nigger and take this tray or eat nothing." (*Id.*) The plaintiff alleges that when Officer Fincher handed him the tray again, Officer Fincher stuck his finger into the food. The plaintiff states he "flipped the tray over and snatched [Officer Fincher's] glasses off his face while demanding to see Lieutenant Langestein." (*Id.*) The plaintiff alleges Officer Fincher then sprayed him with 2½ canisters of chemical munitions using 83.1 grams. The plaintiff contends "clearly [he] had not acted as an immediate threat towards Officer Fincher . . . for this type of force to be applied, when [he has] problems controlling his anger once being provoked." (Compl. 4-5.)

2

The plaintiff alleges that at 6:20 a.m. Lieutenant Langestein came to his cell requesting Officer Fincher's glasses. The plaintiff alleges he gave Langestein the glasses and described the situation. The plaintiff alleges his eyes and body burned, but he was not allowed to take a shower nor provided any medical care. (Compl. at 5.) He alleges he was escorted at 6:30 a.m. to the restraining chair. He alleges the restraints at his waist were too tight and, together with his asthma, this caused him difficulty breathing. He also alleges the shackles were too tight and caused him stiffness, numbness, and sharp pains. He remained in the restraint chair until 10:30 a.m. He alleges he was not allowed to use a restroom during this time and he urinated and defecated while in the restraint chair. (Compl. at 6.)

He then alleges he was placed in a cell without a mattress and he was not allowed to shower. He alleges he had to sleep on a steel cot for five days in very cold temperatures. (Compl. at 6.) He alleges the Nurse Moore, without examining him first, authorized his placement in the restraint chair without being able to wash off the chemical munitions. (*Id.*) He alleges he now suffers from "seizures, asthma, back pains, and other unidentified conditions . . ." (*Id.*)

The plaintiff contends the defendants used excessive force and Nurse Moore was deliberately indifferent to his medical needs and his rights under 8th and 14th Amendments have been violated. (Compl. at 6.) He is seeking $250,000 in actual

damages and $250,000 in punitive damages for each claim and attorney's fees and costs. (*Id.*)

## APPLICABLE LAW

Generally, a motion to dismiss for failure to state a claim should not be granted unless it appears clear that the plaintiff is not entitled to relief "under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). When considering a motion to dismiss, the court should accept as true all allegations and the court should look at the complaint in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Additionally, pro se litigants' complaints are not held to the same stringent pleading requirements that are required of attorneys, so the complaints of such litigants must be read more liberally. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## DISCUSSION

### *Defendants' Motions to Dismiss and to Strike*

After the defendants filed an answer on April 3, 2007, the plaintiff filed a motion entitled "Plaintiff's Response Adverse to Defendants' Answer & Plaintiff's Motion for Order To Be Sought For Injunctive Relief (Rule 65)". In his motion, the plaintiff also requests injunctive relief through the abolishment of the administrative segregation unit. The motion includes 24 signatures of other inmates. The defendants contends the plaintiff's response

is not authorized by Rule 7, Fed. R. Civ. P., and should be stricken and the injunctive relief requested is improper.  The court agrees that this reply to the defendants' answer is not authorized under the Rules and further the motion for an injunction is improper to the extent it is styled as a class action.   The plaintiff cannot assert claims on behalf of other inmates. *Hummer v. Dalton*, 657 F.2d 621 (4th Cir.1981)(holding a prisoner proceeding pro se may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights).[1]

In this same motion, the defendants also move to dismiss the plaintiff's complaint in its entirety.  The defendants argue that the plaintiff's claims are barred because the plaintiff has failed to exhaust his administrative remedies.  The court disagrees.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such  administrative remedies as are available are exhausted.

In *Porter v. Nussle,* 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.  Further, exhaustion must occur prior

---

[1]The plaintiff's individual motion for injunctive relief is discussed separately herein.

to the filing of the lawsuit or it must be dismissed. *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, at 683 (4th Cir. 2005).

The defendants contend the plaintiff did not fully exhaust his administrative remedies. It is undisputed that the plaintiff filed Step One and Step Two grievances regarding the disciplinary proceeding which resulted from his striking Officer Fincher. The Step Two grievance was denied on December 11, 2006. (Defs.' Mot. To Dismiss Ex.) The defendants, however, contend that a final decision had not been rendered by the Administrative Law Court ("ALC") prior to the plaintiff's filing of this action on January 29, 2007. The defendants argue that there was an appeal pending in the ALC when the plaintiff filed this action and this appeal was dismissed on March 26, 2007, 57 days after the instant action was filed.

First, the court notes that the PLRA requires the exhaustion of remedies within the agency only and does not require resort to the appellate state courts. *Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2006) (holding the agency must be given an opportunity to correct its own errors). To exhaust their administrative remedies, inmates are not required to go beyond Step 2. *See Brown v. Evans Correctional Institution Medical Staff*, 2007 WL 1290359, at*4 (D.S.C. April 30, 2007) ("In sum, the fact that the South Carolina legislature made a court available to prisoners who wanted to appeal a final decision by the SCDC denying a SCDC grievance does not alter the federal PLRA by extending its administrative exhaustion requirement to include exhaustion in all state judicial forums."); *Charles v. Ozmint*, 2006 WL 1341267 (D.S.C. May 15, 2006) (recognizing that completion of Step 2 grievance exhausts administrative remedies and § 1997(a) does not require inmates to

further appeal to Administrative Law Court). The plaintiff, therefore, satisfied the PLRA requirements when his Step 2 grievance was denied by SCDC on December 11, 2006, prior to the filing of this action.

Further, and more importantly, the plaintiff alleges he filed a separate grievance relating to his claims of excessive force and deliberate indifference on July 6, 2006.[2] He further alleges the defendants have never responded to this grievance. The defendants have not filed any affidavits or other evidence with respect to this grievance. Thus, at least for purposes of this motion to dismiss, there appears to be a material issue of fact as to whether the plaintiff filed a grievance on these claims prior to filing this lawsuit. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005)(inmate's failure to exhaust administrative remedies is an affirmative defense to be both pleaded and proven by the defendant). *See Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001)(holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance). Accordingly, the defendants' motion to dismiss based upon the plaintiff's failure to exhaust should be denied.

### ***Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction***

The plaintiff has filed motions for a preliminary injunction and a temporary restraining order ("TRO"). (Docket Entries # 14, 27, and 30.) In his first motion for injunctive relief (Docket Entry #14), the plaintiff alleges inmates are placed in ASU based

---

[2] The court notes that in his complaint the plaintiff alleges he filed a grievance on July 7, 2006, (Compl. at 2.) but in his memorandum opposing the defendants' motion to dismiss, he alleges he filed a grievance on July 6, 2006 (Pl.'s Mem. Opp. Mot. to Dismiss at 2.).

on discrimination. He appears to be attempting to file a class-action on behalf of 24 other inmates in an effort to abolish the administrative segregation unit ("ASU") at Leiber (Pl.'s Mot. at 2) which as discussed earlier herein is improper.

In his second motion (Docket Entry # 27), the plaintiff seeks a restraining order ordering the defendants not to come within 500 feet of the plaintiff. He alleges defendant Sgt. Jones has thrown him down stairs and dragged him on the sidewalk in hand cuffs in retaliation for the plaintiff having filed grievances. (*Id.* at 1.) He further contends the defendants have threatened to place "stuff" in his food and have paid other inmates to stab and beat the plaintiff. (Id.) He specifically requests a transfer (*Id*. at 2.)

In his third motion (Docket Entry # 30), the plaintiff alleges his grievances are being ignored in retaliation for his filing this action. He alleges he was placed in lock-up for three days for writing Jon Ozmint about prison conditions. (*Id.* at 2.) He further alleges he was assaulted by defendant Sgt. Jones in retaliation, but after the incident he was found guilty of striking an officer during a disciplinary proceeding because the hearing officer had "orders from administration to find plaintiff guilty. . . " (*Id*.) He also alleges SMU officers have warned him to watch his food and that "something" has been placed in his food. (*Id*. at 3.) He is seeking release from SMU and placement in another dormitory where the defendants are not working, and an order requiring the defendants to stay 1500 feet from the plaintiff, that officials timely respond to his grievances, requiring the institution fix all hazardous conditions in SMU and housing units, and that officers not handle food trays. (*Id.* at 3-4.)

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Further, in considering whether to issue an injunction under Rule 65(b), the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the Court denies the preliminary injunction; (2) the likelihood of harm to the defendants if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits of this underlying claim; and (4) the public interest. *Smith v. Ozmint*, 444 F. Supp.2d 502, 504 (D.S.C. 2006). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980).

Additionally, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman,* 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief

9

is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

Here, the plaintiff has not shown that irreparable harm is likely if his motions are denied. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Accordingly, the plaintiff's motions for a preliminary injunction should be denied. Further, as to the plaintiff's request for a TRO, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Rule 65(b), Fed.R.Civ. P.[3] Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As the plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a TRO.

### *Motion to Stay Proceedings and to Compel Discovery*

The plaintiff has filed a motion to stay proceedings and compel discovery (Docket Entry # 22). This motion was filed after the court had granted the defendants' motion to stay discovery pending the resolution of the defendants' motion to dismiss. (Docket Entry # 19.) If the district court adopts this report and recommendation, this motion will be rendered moot as the motion to dismiss will be denied and the stay on discovery lifted.

---

[3] In general, the purpose of a temporary restraining order is to preserve the status quo for a brief period until a hearing can be held on a request for a preliminary injunction. *See* Moore's Federal Practice and Procedure ¶ 65.05 (1989).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion to Dismiss (Docket Entry #16) be DENIED and Defendants' Motion to Strike (Docket Entry # 16) be GRANTED; and the Plaintiff's Motions for Injunctive Relief (Docket Entry # 14), for a Temporary Restraining Order (Docket Entry # 27), and for a Preliminary Injunction (Docket Entry # 30) be DENIED.

FURTHER IT IS RECOMMENDED that the Plaintiff's Motion to Stay the Proceedings and Compel Discovery (Docket Entry #22) be DENIED as moot.

**IT IS SO RECOMMENDED.**

> s/Bruce Howe Hendricks
> United States Magistrate Judge

December 3, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).