IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Duncan, #290546, ) | |
| ) | C/A No. 8:07-0268-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Lieutenant Jack Langestein, Corporal ) | |
| Travis Guess, NN Wade, Officer Fincher, ) | |
| Officer Henly, Sgt. Franklin Jones, and ) | |
| Nurse NFN Moore, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jimmy Duncan is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at the Lieber Correctional Institution in Ridgeville, South Carolina. On January 29, 2007, Plaintiff, proceeding pro se, filed a complaint alleging that he had been subjected to excessive force and denied proper medical care, in violation of his rights under the Eighth amendment. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the court on motion to dismiss and to strike reply filed by Defendants Langestein, Guess, Wade, Fincher, Henly, and Jones (the "SCDC Defendants") on April 23, 2007 (Entry 16). The SCDC Defendants assert that Plaintiff has failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997(e). The SCDC Defendants further move to strike certain allegations of Plaintiff's reply (Entry 13) that appear to assert the claims of other inmates. On April 24, 2007, an order was issued pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response to the motion to dismiss on June 26, 2006.

Also before the court are motions for injunctive relief filed by Plaintiff on April 3, 2007 (Entry 14), June 21, 2007 (Entry 27), and September 6, 2007 (Entry 30). Plaintiff contends that inmate placement in administrative segregation is based on discrimination; that he has been harassed in retaliation for having filed grievances, and that his grievances are being ignored in retaliation for filing the within action.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On December 4, 2007, the Magistrate Judge issued a Report of Magistrate Judge in which she recommended that the SCDC Defendants' motion to dismiss be denied because the record establishes that Plaintiff's claims have been administratively exhausted. She further recommended that the motion to strike be granted on the grounds that Plaintiff cannot assert claims on behalf of other inmates, and that Plaintiff's motions for injunctive relief be denied because he has failed to show either irreparable harm or the likelihood of success on the merits. The SCDC Defendants filed no objections to the Report and Recommendation. Plaintiff filed objections to the Report of Magistrate Judge on December 17, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In this case, Plaintiff contends the Magistrate Judge erred in recommending dismissal of his motions for injunctive relief, and that he is entitled to an evidentiary hearing. The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. 28 U.S.C. § 636(b)(1). However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). The court has reviewed the Report of Magistrate Judge and concludes that the Magistrate Judge properly found that Plaintiff is not entitled to injunctive relief because he has shown neither irreparable harm nor the likelihood of success on the merits. See Smith v. Ozmint, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). Plaintiff's objections are without merit.

The SCDC Defendants did not object to the Magistrate Judge's recommendation that the motion to dismiss be denied. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff also appeals the Magistrate Judge's ruling granting the motion to strike. A district judge may reconsider any pretrial matter where it is shown that the Magistrate's Judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). As the Magistrate Judge noted, Plaintiff lacks standing to assert the claims of other inmates. See Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (prisoner suit is confined to redress violation of own personal rights). The Magistrate Judge's ruling is affirmed.

Plaintiff also appeals the Magistrate Judge's rulings with respect to his motion to appoint counsel (Entry 20) and for a mental/physical examination (Entry 31). The court has reviewed the motions and order and finds no error. The Magistrate Judge's order (Entry 35) is affirmed.

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the SCDC Defendants' motion to dismiss (Entry 16) is **denied**. Plaintiff's motions for injunctive relief (Entries 14, 27, 30) are **denied**. The Magistrate Judge's rulings with respect to Entries 16 (motion to strike), 20, and 31 are **affirmed**. As noted in the Magistrate Judge's Report, Plaintiff's motion to stay and to compel (Entry 22) is **moot**. The matter is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

January 14, 2008.