IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Duncan,                                ) | |
| ) | C/A No. 8:07-0268-MBS |
| Plaintiff,            ) | |
| ) | |
| vs.                        ) | |
| ) | |
| Jack Langestein, Travis Guess, Cpl. Wade,   ) | |
| Officer Fincher, Officer Henly, Sgt.           ) | **O R D E R** |
| Franklin James, Nurse NFN Moore,        ) | |
| ) | |
| Defendants.        ) | |
| _____) | |

At the time of the underlying events, Plaintiff Jimmy Duncan was an inmate in custody of the South Carolina Department of Corrections. Plaintiff was housed at Lieber Correctional Institution in Ridgeville, South Carolina. Plaintiff, proceeding pro se, filed a complaint on January 29, 2007, asserting that his constitutional rights had been violated. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

On February 21, 2007, an order was issued authorizing service and directing Plaintiff to advise the Office of the Clerk of Court in writing of any address change. Plaintiff was cautioned that his failure to do so could result in dismissal of his case. On February 25, 2008, Plaintiff notified the court of an address change.

This matter is before the court on motion for summary judgment filed by Defendants Langestein, Guess, Wade, Fincher, Henly, and Jones on March 17, 2008. On March 18, 2008, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately.

Also before the court is motion to dismiss filed by Defendants Langestein, Guess, Wade, Fincher, Henly, and Jones on April 21, 2008, seeking dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. A second Roseboro order was issued on April 22, 2008. Plaintiff filed no response to Defendants' motions.

On April 24, 2008, an order was issued granting Plaintiff through May 16, 2008 to respond to the motions for summary judgment. On May 15, 2008, the envelope containing Plaintiff's copy of the order was returned as undeliverable to the Office of the Clerk of Court.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On May 20, 2008, the Magistrate Judge issued a Report and Recommendation in which she noted that Plaintiff has failed to respond to the motion for summary judgment. Accordingly, she recommended that the case be dismissed pursuant to Rule 41(b) for failure to prosecute. On May 28, 2008, the envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Office of the Clerk of Court, marked "Return to Sender, Attempted - Not Known, Unable to Forward."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

2

The court has thoroughly reviewed the record. The court concurs in the recommendation of the Magistrate Judge that the case be dismissed. Although the Magistrate Judge recommended that the case be dismissed because Plaintiff failed to respond to Defendants' motion for summary judgment, the court has determined to dismiss the within action because Plaintiff failed to advise the court of his current address. As noted, Plaintiff was advised by order filed February 21, 2007 of his responsibility to notify the court *in writing* if his address changed. Plaintiff was informed that his case could be dismissed for failing to comply with the court's order. It appears that Plaintiff no longer wishes to pursue this action. Therefore, the within action hereby is dismissed pursuant to Rule 41(b) with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 3, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**